NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
SHAWN T. ANDREWS (Cal. Bar No. 319565)
Assistant United States Attorney
Violent and Organized Crime Section
1300 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-6104
    Facsimile: (213) 894-3713
    E-mail:    shawn.andrews@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. MJ 20-2980-DUTY |
|---|---|
| Plaintiff, | REPLY TO DEFENDANT'S OPPOSITION TO GOVERNMENT'S APPLICATION FOR REVIEW/RECONSIDERATION OF ORDER SETTING CONDITIONS OF RELEASE |
| v. | |
| MICAH TILLMON, | |
| Defendant. | |

    Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Shawn T. Andrews, hereby submits its Reply to Defendant's Opposition to the government's Application for Review/Reconsideration of Order Setting Conditions of Release.

    The government's Reply is based on the attached Memorandum of

//

//

//

Points and Authorities, the files and records in this case, and any additional evidence or argument that the Court may wish to consider at the hearing on this matter.

Dated: July 8, 2020                    Respectfully submitted,

                                       NICOLA T. HANNA
                                       United States Attorney

                                       BRANDON D. FOX
                                       Assistant United States Attorney
                                       Chief, Criminal Division


                                              /s/
                                       SHAWN T. ANDREWS
                                       Assistant United States Attorney

                                       Attorneys for Plaintiff
                                       UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  ARGUMENT**

    **A.  The Court May Detain Defendant Based Solely on a Finding of Unmitigable Danger**

Defendant Micah Tillmon ("defendant") argues that he should be released from custody immediately because 18 U.S.C. § 3142(f) prevents the Court from holding a hearing on whether defendant should be detained.  Citing United States v. Twine, 344 F.3d 987 (9th Cir. 2003), defendant asserts that courts are prohibited from detaining defendants based on a finding at the § 3142(f) hearing as to danger alone.  Defendant is wrong as a matter of law, having based his analysis on a misreading of § 3142 and Twine.  The plain language of § 3142 repeatedly refers to flight and danger in the conjunctive, noting that detention is required unless both flight and danger can be adequately mitigated.  See § 3142(e)(1), (3), (f), (g).  Twine does not override that statutory requirement, nor even address what happens at a detention hearing at all, but rather applies the plain language of § 3142(f) regarding whether the government is entitled to such a hearing in the first place.  That is, the Twine opinion, like the decisions of the First, Third, and Fifth Circuits that it invokes, simply notes that under the express language of § 3142(f), the magistrate judge may not hold a detention hearing based solely on the existence of danger to the community, unless one of the conditions in § 3142(f) is satisfied (as is the case here).  If a hearing is proper, the magistrate judge may base his or her ultimate decision as to detention solely on a finding, at that hearing, of unmitigable danger.  § 3142(e)(1); United States v. Motamedi, 767 F.2d 1403, 1406 (9th Cir. 1985).

**B.   Two § 3142(f) Factors Are Satisfied Here**

      1.   <u>This Case Involves a Serious Risk Defendant Will Flee</u>

As noted in the government's request for detention, this case involves a serious risk defendant will flee.  (<u>See</u> Dkt. 5 at 4.)  18 U.S.C. § 844(i) prescribes a five-year mandatory minimum custodial sentence upon conviction.  For a young man like defendant, the prospect of spending the next five years (what amounts to over a quarter of the years defendant has thus far lived) in the custody of the federal government is undoubtedly frightening.  That fear alone is enough to drive defendant to seriously consider absconding to avoid a future trial date.

Significantly, the threshold determination that there is a serious risk of flight—such that a detention hearing is warranted under § 3142(f)—does not require a showing that the risk of flight cannot be mitigated by conditions of pre-trial release.  That is the case here.  Despite the serious risk that defendant could seek to avoid responsibility by flight, the Court could reasonably mitigate that risk by imposing conditions of pre-trial release.

      2.   <u>This Case Involves the Possession and Use of a Destructive Device</u>

Under § 3142(f)(1)(D), a court shall hold a detention hearing in "a case that involves . . . any felony . . . that involves the possession or use . . . of a . . . destructive device[.]"[1]  "Destructive device," in turn, is defined as "any combination of

---

[1] The government failed to include § 3142(f)(1)(D) as a basis for its request for a detention hearing in its previously-filed Notice of Request for Detention.  (<u>See</u> Dkt. 5.)  With this filing, the government moves the Court to consider § 3142(f)(1)(D) as a basis in its request for a detention hearing.

2

parts either designed or intended for use in converting any device into any destructive device described in [18 U.S.C. §§ 921(a)(4)(A) and (B)] and from which a destructive device may be readily assembled." 18 U.S.C. § 921(a)(4)(C). In short, subsection (C) generally applies to a combination of parts that has not yet been assembled into a functional weapon. United States v. Lussier, 128 F.3d 1312, 1315 (9th Cir. 1997). One such weapon is an explosive bomb, or a "device similar to," an explosive bomb. See § 921(a)(4)(A)(i), (vi); United States v. Kirkland, 909 F.3d 1049, 1052 (9th Cir. 2018).

Here, it appears that defendant possessed the component parts of an explosive bomb that could have been readily assembled by accessing instructions available on the Internet. (Douroupis Decl. ¶¶ 3-5.) In light of the discovery of those materials, it is likely that the red tube-shaped object that defendant allegedly possessed and used to start the fire at Sake House by Hikari on May 31, 2020, was a device that defendant constructed using some combination of those materials. Accordingly, those materials and defendant's alleged actions are intertwined such that the offense involved the possession of the component parts of an explosive bomb. Furthermore, given the red tube-shaped object's likely constituent parts and its incendiary capacity, that device was similar to an explosive bomb.

**II. CONCLUSION**

For the foregoing reasons, and the reasons stated in the previously-filed Application for Review/Reconsideration of Order Setting Conditions of Release, the Court should order that defendant be detained pending trial.

3